# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KATHLEEN MCCOY, | Case No. 1:19-cv-126 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| JAYELL RANCH, *et al.*, | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S SUBMISSIONS REGARDING DEFAULT JUDGMENT (Docs. 5, 6)

This civil action is before the Court on Plaintiff's "Motion for Default Judgment" and Plaintiff's "Request for Cle[r]k of Courts to Enter Default Judgment" (collectively the "Submissions"). (Docs. 5, 6). The former asks the <u>Court</u> to "enter a default judgment against the Defendant Jayell Ranch." (Doc. 5 at 1). The latter asks the <u>Clerk</u> to "[]enter a default judgment against the Defendant Jayell Ranch." (Doc. 6 at 1). On the Court's review, both Submissions miss the mark.

Rule 55 governs the Submissions. Fed. R. Civ. P. 55. Where, as appears to be the case here, a civil action does not involve a sum certain,[1] Rule 55 sets out a two-step process. First, the Clerk must issue an entry of default under Rule 55(a). Second, the plaintiff must file a motion for a default judgment under Rule 55(b)(2). After the Clerk's

---

[1] (*Compare, e.g.,* Doc. 1 at ¶ 7 (alleging that "Plaintiff has incurred undetermined miscellaneous expenses"), *and id.* at 4 (demanding judgment in an amount "which represents fair, reasonable[,] and just compensation")), *with Tindall v. One 1973 Ford Mustang*, No. 2:05-CV-73467, 2006 WL 1329168, at *4 (E.D. Mich. May 16, 2006) (defining a sum certain as "[a]ny amount that is fixed, settled, or exact").

entry of default and the plaintiff's motion for default judgment, the Court considers whether a default judgment is proper. *See id.*

Here, Plaintiff has not followed Rule 55's two-step process. She has skipped step one. Neither of the Submissions asks for an entry of default. Instead, both of the Submissions ask for a default judgment—outright. Under such circumstances, the Submissions must be denied. *Cf. Ramada Franchise Sys., Inc. v. Baroda Enters.*, LLC, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (stating that an "entry of default is a prerequisite to a default judgment" (emphasis added)).

Based upon the foregoing, the Submissions (Docs. 5, 6) are **DENIED without prejudice**, so that Plaintiff may: (1) apply to the Clerk for an entry of default; then (2) after default is entered, file an appropriate motion for a default judgment.[2]

**IT IS SO ORDERED.**

Date: 1/29/2020

Timothy S. Black
United States District Judge

---

[2] *Accord Harrington v. Delta Career Educ. Corp.*, No. 2:17-CV-736, 2018 WL 3080450, at *2 (S.D. Ohio June 22, 2018) ("[Plaintiff] failed to first apply for entry of default with the Clerk, which is a necessary prerequisite to a Court's entry of default judgment. The Motion for Default Judgment against [Defendant] . . . is therefore **DENIED WITHOUT PREJUDICE**. Once [Plaintiff] applies for default with the Clerk and default is entered, [Plaintiff] may re-file a Motion for Default Judgment."); **N.B.** *Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, at *1–2 (S.D. Ohio July 15, 2019) (setting forth the requirements of an appropriate motion for a default judgment).