# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN MCCOY, | : | Case No. 1:19-cv-126 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JAYELL RANCH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING SECOND MOTION FOR DEFAULT JUDGMENT (Doc. 12)

This civil action is before the Court is Plaintiff's second motion for default judgment (Doc. 12).  For the foregoing reasons, this motion is **DENIED without prejudice**.

### I.      Background

Plaintiff Kathleen McCoy filed the complaint in this civil action on February 18, 2019 against Jayell Ranch, John Doe Corporations 1-10, and John and Jane Doe Employees 11-20. (Doc. 1). Since filing the complaint, Plaintiff has not identified, served, or requested additional time to identity and serve the unknown defendants. Defendant Jayell Ranch was served on June 7, 2019, but has not appeared or otherwise participated in this action. (Doc. 4).

On August 13 and 14, 2019, Plaintiff attempted to request the Clerk and the Court for default judgment pursuant to Federal Rule of Civil Procedure 55. (Docs. 5, 6).  The Court denied without prejudice those requests. (Doc. 7).  As discussed in that Order, Plaintiff had not requested the Clerk enter default before requesting default judgment, as

required by Rule 55. (*Id.*)  Moreover, in that Order, the Court outlined the specific steps Plaintiff needed to take to properly seek default judgment: "(1) apply to the Clerk for an entry of default; <u>then</u> (2) after default is entered, file an <u>appropriate</u> motion for default judgment." (*Id.* at 2 (citing cases) (emphasis added)).

Plaintiff then completed step one: she applied to the Clerk for an entry of default against Defendant Jayell Ranch, which default was entered on September 24, 2020. However, Plaintiff had failed to complete step two: she did not file an <u>appropriate</u> motion for default.  Then, prompted by this Court's Order to Show Cause (Doc. 11), Plaintiff filed the instant second motion for default judgment.

## II.     Law & Analysis

Plaintiff's second motion for default judgment fails.  In this motion, Plaintiff requests "this Court to enter default judgment against Defendant Jayell Ranch as to liability only and schedule an evidence hearing on the issue of damages."  (Doc. 12). This is problematic for three reasons.

### 1.     No Liability Analysis

First, Plaintiff fails to establish liability.  Plaintiff only states that liability should be entered against Defendant Jayell Ranch because he failed to appear.  (Doc. 12).  <u>As this Court has already iterated to Plaintiff, this does not constitute an appropriate motion for default judgment.</u>  (Doc. 7 at 2).

Once a defendant fails to appear, <u>after</u> Plaintiff obtains an entry of default from the Clerk, *and* <u>after</u> Plaintiff moves for default judgment, the well-pled factual allegations in the complaint, except those related to the amount of damages, may be taken as true.

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). However, this does not excuse a plaintiff, when moving for default judgment, from demonstrating that the well-pled allegations in the complaint, taken as true, establish liability. *See, e.g., Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, at *2 (S.D. Ohio July 15, 2019) (citing cases). Plaintiff has failed to show (or even tried to show) that, when all of the factual allegations in the Complaint are taken as true, Defendant Jayell Ranch is liable for negligence.

### 2. Allegations in the Complaint Do Not Support Personal Jurisdiction

Second, when construing Plaintiff's allegations in the complaint as true, Plaintiff fails to demonstrate that there is personal jurisdiction over Defendant Jayell Ranch. *Zuffa, LLC v. Black Diamond, Inc.*, No. 2:10-CV-2844, 2011 WL 6217143, at *2 (W.D. Tenn. Dec. 14, 2011) ("Courts are obligated to consider subject-matter and personal jurisdiction, but not defects in venue, before entering default judgment.").

The plaintiff bears the burden of establishing personal jurisdiction. *Mich. Nat'l Bank v. Quality Dinette, Inc*., 888 F.2d 462, 466 (6th Cir. 1989). Personal jurisdiction may "exist [1] generally, in cases in which a defendant's continuous and systematic conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or [2] specifically." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (quotation omitted). "[Specific] [p]ersonal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional

3

notions of fair play and substantial justice.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A two-step inquiry applies: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).

Plaintiff's complaint alleges that: "Defendant Jayell Ranch, is upon information and belief, a for profit entity that operates as a recreational facility located within the state of Tennessee with its principal place of business in Sevierville, Tennessee." (Doc. 1 at 1). Plaintiff alleges that she was business invitee of Jayell Ranch in Pigeon Forge, Tennessee, and that her injuries occurred while on the business premises. (*Id*. at 2–3). Thus, from the face of the complaint, and without any further facts, it appears that Jayell Ranch has no contacts, let alone certain minimum contacts, that would allow this court to exercise personal jurisdiction.[1]

---

[1] *See Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011)) ("'[D]efects in personal jurisdiction are not waived by default when a party fails to appear or to respond….'"); *Trustees of Bricklayers & Masons Loc. No. 22 Pension Plan v. 5 Star Masonry LLC*, No. 3:20-CV-398, 2021 WL 215649, at *1 (S.D. Ohio Jan. 21, 2021) (denying without prejudice motion for partial default judgment when complaint failed to establish personal jurisdiction); *Zuffa*, 2011 WL 6217143 at *2 ("**A court's default judgment is invalid unless it had proper jurisdiction**.") (emphasis added).

Accordingly, because the Court lacks sufficient facts to establish personal jurisdiction, Plaintiff must provide additional information (via affidavit, declaration, or other verified statement) in support of personal jurisdiction.[2]

### 3. No Support of Damages

Finally, Plaintiff requests an evidentiary hearing on the amount of damages. However, "[Federal] Rule [of Civil Procedure] 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court." *Caterpillar Fin. Servs. Corp. v. C &D Disposal Techs.*, No. 2:12-CV-00077, 2012 WL 12883333, at *1 (S.D. Ohio July 10, 2012). Plaintiff provides absolutely no argument or documentation related to her request for damages. The Court finds Plaintiff's complete lack of information related to damages insufficient to support a request for an evidentiary hearing.[3]

### III. Conclusion

Based on the foregoing, Plaintiff's second motion for default judgment (Doc. 12) is **DENIED without prejudice.** Within 21 days of this Order, Plaintiff may file: (1) a renewed motion for default judgment curing the deficiencies discussed herein; or (2)

---

[2] Lack of personal jurisdiction would result in dismissal without prejudice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) ("dismissals for lack of personal jurisdiction should be made 'without prejudice'"). *See also* Fed. R. Civ. P. 41.

[3] Moreover, the Court is particularly disinclined to schedule an in-person hearing given the General Orders of the Southern District of Ohio related to hearings and Covid-19 without *any* information related to Plaintiff's purported damages.

other appropriate pleading based on the foregoing.  In the event nothing is timely filed, Plaintiff's complaint will be dismissed without prejudice, and this action terminated on the docket of this Court.

      **IT IS SO ORDERED.**

Date: _7/28/2021_

Timothy S. Black
United States District Judge