UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN MCCOY, | : | Case No. 1:19-cv-126 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JAYELL RANCH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER: (1) DENYING MOTIONTO CHANGE VENUE (Doc. 15); AND (2) DISMISSING WITHOUT PREJUDICE FOR LACK OF PERSONAL JURISDICTION**

This civil action is before the Court on Plaintiff's motion to change venue (Doc. 15). For the foregoing reasons, this motion is **DENIED** and this case is **DISMISSED without prejudice** for lack of personal jurisdiction.

On July 28, 2021, this Court denied Plaintiff's second motion for default judgment (Doc. 12), discussing various deficiencies with Plaintiff's motion. (Doc. 14). Of import to this Order, the Court lacked sufficient facts to establish personal jurisdiction over the only served Defendant, Jayell Ranch. (*Id.*) Now, Plaintiff affirms that this Court cannot establish personal jurisdiction in this action. (Doc. 15).

Thus, Plaintiff requests that this Court transfer venue pursuant to 28 U.S.C. § 1404. (*Id.*) However, because the Court lacks personal jurisdiction, it cannot transfer venue pursuant to § 1404. The Sixth Circuit has specifically limited § 1404(a) transfers to "actions commenced in a district court where both personal jurisdiction and venue are proper." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015); *Jackson v. L&F*

*Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009) ("[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants.").

Plaintiff does not request transfer under any other statute. *See* 28 U.S.C. §§ 1406(a), 1631. The Court will, nevertheless, consider these statutes. Both §§ 1406(a) and 1631 allow for transfer when "in the interest of justice."

The "interest of justice" is not met here. The Sixth Circuit has explained that transfer is appropriate only when there is "an assertion of subject-matter or personal jurisdiction that provided some arguable basis for thinking that the action was properly brought in the district in which it was originally filed." *Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009).

> District courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and the court decides that similar conduct should be discouraged.

*Id*. (quoting 3 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3827 at 602–04 (3d ed. 1998)); *see also Belfor USA Grp., Inc. v. Rainier Asset Mgmt. Co.*, LLC, No. 12-13966, 2012 WL 5447908, at *7 (E.D. Mich. Nov. 7, 2012) (citing cases).

Here, the facts as alleged by Plaintiff showed no contested or elusive fact that would have suggested personal jurisdiction over Jayell Ranch or the Doe Defendants, which defendants Plaintiff has taken no steps to identify. Moreover, as described in this Court's previous Orders, Plaintiff has on <u>multiple</u> occasions filed improper pleadings that

fail to comply with the Federal Rules of Civil Procedure or federal statute.  (Docs. 7, 11, 14).  Finally, given the procedural posture in this case – that Jayell Ranch has not appeared, the entry of default, and the lack of personal jurisdiction – the Court finds that the better (and more efficient) course is to dismiss the entire case without prejudice and permit Plaintiff to pursue her claim by filing a complaint in the proper forum.

Accordingly, Plaintiff's motion to change venue (Doc. 15) is **DENIED.**  Plaintiff's complaint is **DISMISSED without prejudice** for lack of personal jurisdiction.  The Clerk shall enter judgment accordingly, whereupon this action is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date:   8/6/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge